```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
```

PAUL REEDER,                          :
                                      :
    Plaintiff,                        :
                                      :
v.                                    :     Case No. 3:13-CV-01074 (RNC)
                                      :
ADMINISTRATOR, UNEMPLOYMENT           :
COMPENSATION ACT,                     :
                                      :
    Defendant.                        :

## RULING AND ORDER

Plaintiff Paul Reeder, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against the Administrator of the Connecticut Unemployment Compensation Act ("Administrator") alleging that his claim for unemployment compensation benefits was denied in violation of his Fourteenth Amendment right to procedural due process.  The Administrator has filed a motion to dismiss arguing that the action is barred by res judicata, the Rooker-Feldman doctrine, and Eleventh Amendment immunity.  As explained below, there can be no doubt that res judicata bars this action.  Accordingly, I grant the motion to dismiss on this ground without addressing the Administrator's other arguments.

I. Background

In April 2003, plaintiff was removed from his position at the Waterbury Republican-American.  His claim for unemployment compensation benefits was denied based on a finding that he had been discharged for wilful misconduct.  Following unsuccessful

1

administrative appeals, see Reeder v. Administrator, 88 Conn. App. 556, 556-57 (2005) (per curiam), plaintiff brought suit in state court claiming that the Administrator had erred in finding wilful misconduct and that the administrative hearing had been procedurally inadequate.  The Superior Court dismissed, the Appellate Court affirmed, and the Connecticut Supreme Court denied certification.  Reeder v. Administrator, 275 Conn. 918 (2005); Reeder, 88 Conn. App. at 556.

Plaintiff then brought an action against the Administrator in this Court, which was dismissed on the ground of res judicata. Reeder v. Administrator, No. 05 Civ. 1532(JCH) (D. Conn. 2006). Several years later, he filed another federal suit against the Administrator, which also was dismissed based on res judicata. Reeder v. Administrator, No. 3:10CV1726(JBA), ECF Nos. 12 (D. Conn. 2010)(adopting recommended ruling of dismissal in light of plaintiff's litigious history, including prior federal case).  In the latter case, plaintiff's motion for leave to proceed in forma pauperis on appeal was denied by both the District Court (on the ground that any appeal would not be taken in good faith), see id., ECF No. 18, and the Court of Appeals (on the ground that the appeal lacked an arguable basis in law or fact.  See Reeder v. Administrator, No. 11-2250-cv (2d Cir. Dec. 21, 2011).  Plaintiff then brought this suit under § 1983 renewing his attack on the procedures by which he was found ineligible for unemployment

2

benefits.

II. <u>Discussion</u>

The Administrator moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dismissal under Rule 12(b)(1) is appropriate when the district court lacks constitutional or statutory authority to hear a case. <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). A 12(b)(6) motion challenges the legal sufficiency of the complaint and is properly granted when the complaint's well-pleaded facts, taken as true and viewed in the light most favorable to the plaintiff, fail to state a claim to relief that is "plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A *pro se* complaint is construed liberally "and interpreted to raise the strongest claims that it suggests," but even "a *pro se* complainant must state a plausible claim for relief." <u>Hogan v. Fischer</u>, 738 F.3d 509, 515 (2d Cir. 2013).

The Administrator argues principally that this suit is barred by res judicata. I agree. Res judicata prevents a party from asserting a claim that has already been litigated on the merits before a court of competent jurisdiction. The § 1983 procedural due process claim that plaintiff presents here is identical to the claims he raised in his previous state and federal cases against the Administrator. Plaintiff's memorandum in opposition offers no basis on which the Court can conclude

that res judicata does not bar this action.  Construed generously, the memorandum appears to argue that the prior state court action does not have preclusive effect.  But plaintiff does not address the preclusive effect of the prior federal actions.

Plaintiff might think that his prior state and federal lawsuits against the Administrator do not prevent him from proceeding with this one provided he makes new arguments in support of his claim.  If that is the case, he is mistaken.  Res judicata precludes "relitigation of any claims relating to the same cause of action which were actually made or which might have been made" in the earlier action.  Isaac v. Truck Service, Inc., 253 Conn. 416, 421 (2000).  Whether a claim "relat[es] to the same cause of action" depends on whether it arises from the same "transaction" that was the subject of the earlier suit.  Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000); Isaac, 253 Conn. at 421.  This "transactional" test asks whether the plaintiff's current claim arises out of the same group of facts as the prior cases.  Because the answer to that question is undoubtedly yes, plaintiff's claim is barred.  Monahan, 214 F.3d at 285.[1]

---

[1] Plaintiff's memorandum in opposition to the motion to dismiss makes reference to the fact that he has paid the filing fee in this case instead of proceeding *in forma pauperis*. Plaintiff's payment of the fee does not alter the nature of his claim under the transactional test and thus does not remove the barrier to relitigation posed by the doctrine of res judicata. The Court notes that the fee is unfortunately not refundable.

4

III. Conclusion

    Accordingly, the motion to dismiss is hereby granted.

    So ordered this 16th day of September 2014.

                                           _____/s/RNC_____

                                                  Robert N. Chatigny
                                      United States District Judge

---

See Goins v. DeCaro, 241 F.3d 260, 261 (2d Cir. 2001).